**STATE of Minnesota, Appellant,**

**v.**

**Anthony Martin RAJ, Respondent.**

**No. C7–85–208.**

Court of Appeals of Minnesota.

May 21, 1985.

Review Denied July 11, 1985.

Hubert H. Humphrey III, Atty. Gen., Thomas Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for appellant.

Douglas W. Thomson, Deborah Ellis, St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

This is a pretrial appeal by the State pursuant to Minn.R.Crim.P. 28.04, subd. 1(1), of an order suppressing the defendant's statement and physical evidence. We affirm.

## FACTS

Appellant Anthony Martin Raj was charged with murder in the second degree and manslaughter in the second degree for causing the death of Dennis Barret while committing or attempting to commit an assault in the second degree. Barret died from a fatal stab wound in St. Paul on November 2, 1984.

On November 3, 1984, Raj was arrested and interviewed by a police homicide investigator. Raj read along a printed form containing the *Miranda* rights while Officer Wilkes read the rights out loud to him. Raj initialed each paragraph and signed at the bottom of the form acknowledging that he understood each of his *Miranda* rights.

A tape recorder was then started and recorded Raj's statement. At the beginning of the interview Wilkes told Raj he was going to ask questions about what happened. The following then occurred:

A. Man! ...

Q. I wouldn't bullshit you at this stage of the game.

A. I'm not going to bullshit you worth nothing. but, shit man—I want to talk to you but I would want to have a lawyer. This is never, never—unintelligible—why ... let me name everybody—tell ...

The police investigator continued to question and Raj made several incriminating statements, including telling the officer that he gave the knife to his girlfriend and told her to get rid of it. The officers, assisted by the girlfriend, recovered the knife from a dumpster.

At the omnibus hearing, the trial court suppressed Raj's statement and the knife because his right to counsel had not been honored.

## ISSUES

1. Did the trial court clearly err in suppressing the statement because the officer failed to honor defendant's request for an attorney.

2. Did the trial court clearly err in suppressing the knife as a fruit of the unlawfully obtained statement?

## ANALYSIS

### I.

An accused in custody who expresses his

"desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him,"

unless he repudiates his earlier request for the assistance of counsel by a knowing and intelligent waiver of this right.

*Smith v. Illinois,* —— U.S. ——, 105 S.Ct. 490, 492, 83 L.Ed.2d 488 (1984), quoting *Edwards v. Arizona,* 451 U.S. 477, 484–85, 101 S.Ct. 1880, 1884–85, 68 L.Ed.2d 378 (1981).

The trial court determined, after listening to the taped interview at least twice, that Raj had invoked his right to counsel. We have also listened to the tape and conclude that the trial court's determination was not clearly erroneous. *State v. Hardimon,* 310 N.W.2d 564, 567 (Minn.1981).

Subsequent statements of the accused may not cast retrospective doubt on

the clarity of the initial request itself. *Smith v. Illinois*, at ——, 105 S.Ct. at 494.

## II.

The trial court suppressed the knife on the ground that it was a poisoned fruit under *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963) and *State v. Seefeldt*, 292 N.W.2d 558, 560 (Minn.1980). Under *Wong Sun*, the test is:

Whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.

*Wong Sun*, 371 U.S. at 488, 83 S.Ct. at 1886.

The trial court determined the knife was recovered by exploitation of the "illegal" statement of Raj. In reaching this conclusion the trial court indicated it applied the factors in *State v. Seefeldt:* (1) temporal proximity of illegality and the fruit of the illegality, (2) presence of intervening circumstances, (3) purpose and flagrancy of the misconduct, and (4) likelihood the evidence would have been discovered by legal means.

■ Here, also, the trial court did not err. The temporal proximity favors exclusion. Further, the State failed to show at the omnibus hearing that the knife would have been discovered by legal means. The trial court found that the State failed to establish sufficiently that the taint had been purged. Absent Raj's statements from the improper interview it is unlikely investigators would have discovered the knife.

■ The State's related argument is that the knife is admissible under the "inevitable discovery" exception to the exclusionary rule, *Nix v. Williams*, —— U.S. ——, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). Under this exception unlawfully seized evidence is admissible if there is no doubt the police would have lawfully discovered the evidence later. *U.S. v. Romero*, 692 F.2d 699, 704 (10th Cir.1982). However, there is

nothing in the record which supports this assertion that the knife would have been recovered from the dumpster where it had been left. It is more probable that the knife would have been destroyed in the course of normal trash removal. The trial court properly concluded that the State obtained the knife by exploitation of the unlawfully obtained statement.

## DECISION

The trial court did not clearly err in either excluding defendant's statement as taken in violation of his right to counsel, or in excluding physical evidence obtained by exploitation of the unlawfully obtained statement.

Affirmed.